UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA WIESNER,<br>    Plaintiff<br><br>v.<br><br>JEFFERSON PILOT FINANCIAL<br>INSURANCE COMPANY,<br>    Defendant | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 05-10521-EFH<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Now comes the defendant Jefferson Pilot Financial Insurance Company (hereinafter "Defendant") and by and through its attorneys answers the Complaint of plaintiff Sandra Wiesner, as follows:

**PARTIES**

1.  On information and belief, Defendant admits the allegations contained in paragraph 1.

2.  Defendant admits that it is an insurance company licensed to do business in the Commonwealth of Massachusetts. It denies the remaining allegations contained in paragraph 2, but answering further says that it is a subsidiary of Jefferson-Pilot Corporation and that it has its principal place of business in Omaha, Nebraska.

**DECLARATION OF FACTS**

3.  Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4, but says that the effective date of said long term disability coverage was July 1, 2000.

5. Paragraph 5 contains no allegations of fact, but only conclusions of law, which require no response.

6. Defendant admits that as of January 31, 2001, Plaintiff was an eligible employee under the Falmouth Public Schools group LTD policy. Defendant denies the remaining allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7.

8. Defendant admits that paragraph 8 sets forth language that is contained in the Jefferson Pilot group policy, but says that said group policy speaks for itself and any benefits payable thereunder are subject to all of the terms, conditions and limitations contained therein. Defendant denies that benefits are subject to a 180-day elimination period and says that they are subject to a 90-day elimination period.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits that paragraph 10 sets forth language that is contained in the Jefferson Pilot group policy, but says that said group policy speaks for itself and any benefits payable thereunder are subject to all of the terms, conditions and limitations contained therein.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Defendant admits that it received a claim for benefits from Plaintiff, which claim was dated December 18, 2001 and received by the Defendant on or about February 1, 2002. A true copy of part of Plaintiff's disability claim form is attached to the Complaint as Exhibit B. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Defendant admits that in support of her claim plaintiff submitted medical records and reports from her treating physicians. Defendant denies the remaining allegations contained in paragraph 14.

15. Defendant admits that Plaintiff's claim was denied on or about August 2, 2002. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendant admits that on or about January 27, 2003, Plaintiff submitted an appeal from the denial of her claim for benefits, a true copy of which is attached to the Complaint as Exhibit C, together with additional medical evidence. Defendant denies the remaining allegations contained in paragraph 16.

17. No answer required as the Complaint does not contain a paragraph numbered 17.

18. Defendant admits that by letter dated December 2, 2003, it denied Wiesner's claim for further benefits after the 24-month "Own Occupation Period," and that Wiesner had exhausted her administrative appeals. Defendant denies the remaining allegations contained in paragraph 18. And answering further, Defendant says that it approved Wiesner's claim for benefits under the 24 month "Own Occupation Period" in the Group Policy and paid her 24 months of benefits at the rate of $1,500.0 per month.

19. Defendant denies the allegations contained in paragraph 19.

**COUNT I:   BREACH OF CONTRACT**

19.(sic) Defendant denies the allegations contained in paragraph 19.

**COUNT II:   WRONGFUL CLAIM DENIAL UNDER ERISA**

20.    Defendant denies the allegations contained in paragraph 20.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant hereby asserts the following affirmative defenses to the allegations set forth in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each of the Counts set forth therein, fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All of plaintiff's claims are barred by the applicable statutes of limitation, or by the contractual limitation of action provisions contained in Jefferson Pilot Group Policy No. 000010030695 issued to the Town of Falmouth.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has been paid all of the benefits to which she is entitled under Jefferson Pilot Group Policy No. 000010030695 issued to the Town of Falmouth and no further benefits are due to her.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not totally disabled in accordance with the terms and conditions of Jefferson Pilot Group Policy No. 000010030695 issued to the Town of Falmouth because she has failed to provide Jefferson Pilot with proof that she is unable to perform each of the main duties of any gainful occupation which her training, education or experience

will reasonably allow her to perform.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not totally disabled in accordance with the terms and conditions of Jefferson Pilot Group Policy No. 000010030695 issued to the Town of Falmouth because she has failed to provide Jefferson Pilot with proof that she is under the regular care of a physician as required by the terms of the Jefferson Pilot Group Policy.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has been paid all of the benefits to which she is entitled under Jefferson Pilot Group Policy No. 000010030695 issued to the Town of Falmouth and no further benefits are due to her because her claim of disability is for a mental sickness, as defined in the Group Policy, and benefits for a mental sickness are limited under the terms of the group policy to a period 24 months and Jefferson Pilot has already paid plaintiff 24 months of benefits.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged disability does not satisfy the terms and conditions of the definition of disability as set forth in the Jefferson Pilot Group Policy.

### EIGHTH AFFIRMATIVE DEFENSE

If additional long term disability benefits are payable, which is denied, such benefits would be offset and reduced by "Other Income Benefits" as defined by the Group Policy.

WHEREFORE, defendant Jefferson Pilot Financial Insurance Company prays that judgment be entered in its favor and that it be awarded its costs and expenses.

## COUNTERCLAIM FOR RESTITUTION

### Introductory Statement

Jefferson Pilot Financial Insurance Company brings this counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure to obtain restitution from Sandra Wiesner with respect to certain disability benefit overpayments made to her by Jefferson Pilot.

### Parties

1.  Defendant/Plaintiff-in-counterclaim Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") is an insurance company licensed to do business in the Commonwealth of Massachusetts and with its principal place of business located in Omaha, Nebraska.

2.  Plaintiff/Defendant-in-counterclaim Sandra Wiesner ("Wiesner") is an individual who resides in Bourne, Massachusetts.

### Counterclaim for Restitution

3.  At all times relevant, and prior to January, 2001, Wiesner was employed as a public school teacher employed by the Town of Falmouth in the Commonwealth of Massachusetts.

4.  As a benefit of her employment with the Town of Falmouth, Wiesner was enrolled as an insured employee under a "Group Long Term Disability Insurance Policy" issued to the Town of Falmouth by Jefferson Pilot, which was identified as Group Policy No. 000010030695 ("the Group Policy").

5.  In January, 2002, Wiesner submitted a claim to Jefferson Pilot for long term disability benefits beginning in January, 2001. Jefferson Pilot approved Wiesner's

claim for benefits under the 24 month "Own Occupation Period" in the Group Policy and paid her 24 months of benefits at the rate of $1,500.0 per month.

6.     Under the terms of the Group Policy, benefits paid during the "Own Occupation Period" are reduced by any "other income benefits," as defined in the Group Policy, received by the insured employee during the "Own Occupation Period."

7.     Jefferson Pilot is informed and believes that Wiesner received "other income benefits" during the "Own Occupation Period" when she received benefits from Jefferson Pilot.

8.     Wiesner has therefore been overpaid and has received disability benefits which she is not entitled to keep and which should be repaid to Jefferson Pilot.

WHEREFORE, Jefferson Pilot Financial Insurance Company prays for relief as follows:

1.     That judgment be entered against Sandra Wiesner for all disability benefits that she has received which are in excess of what she is entitled to receive under the terms of the Group Policy, plus interest and costs; and

2.     That such other and further relief be awarded to Jefferson Pilot as this Court deems just and proper.

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY

By its attorneys,

June 22, 2005

*E. S. Rooney Jr.*
Edward S. Rooney, Jr., BBO No. 426840
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110
Tel.: (617) 342-6800

{K0305056.1}                          7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party which has appeared in this action, by regular mail, postage prepaid, this 22nd day of June, 2005.

_____
Edward S. Rooney, Jr.